IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAMELA R. BARNHILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-961 SLR |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 11th day of July, 2011, having reviewed plaintiff's motion for reconsideration and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 17) is denied, for the reasons that follow:

1. **Background.** Plaintiff filed the present action on December 16, 2009 to appeal the decision of Michael J. Astrue, the Commissioner of Social Security (the "Commissioner"), denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. (D.I. 1 at 1) The parties subsequently filed cross motions for summary judgment. (D.I. 9; D.I. 11) On May 12, 2011, this court concluded that the administrative law judge's ("ALJ") decision was supported by substantial evidence and denied plaintiff's motion for summary judgment. (D.I. 14) Plaintiff filed the instant motion for reconsideration on June 6, 2011 based primarily upon the discovery that Dr. Anne Aldridge, a state agency physician, has been the subject of two disciplinary actions with respect to her license to practice in Delaware. (D.I. 17)

2. **Standard of Review.** Motions for reconsideration are the "functional equivalent" of motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Therefore, a court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.*

3. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241

2

(citations omitted); see also D. Del. LR 7.1.5.

4. **Discussion.** Plaintiff alleges that new evidence of Dr. Aldridge's disciplinary record became available only through a response to plaintiff's Freedom of Information Act ("FOIA") request six months after briefing on summary judgment was complete. (D.I. 18 at 1) According to plaintiff, defendant knew or should have known about Dr. Aldridge's disciplinary record, and defendant's failure to report this evidence to the ALJ and to this court has resulted in a manifest injustice to plaintiff. (Id. at 1-3) Plaintiff contends that reliance by the ALJ and this court on Dr. Aldridge's opinion was misplaced as a result of Dr. Aldridge's disciplinary record. (Id. at 2-3) Alternatively, plaintiff argues that the court did not adequately consider the opinion of Dr. John DeCarli in reaching its conclusion. (Id. at 4)

5. Evidence that was previously available does not support a motion for reconsideration. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 252 (3d Cir. 2010) (holding that "new evidence . . . means evidence that a party could not earlier submit to the court because that evidence was not previously available"). Nothing in the record suggests that evidence of Dr. Aldridge's disciplinary record was unavailable to plaintiff when she filed her motion for summary judgment. Rather, plaintiff had ample opportunity to seek evidence of Dr. Aldridge's 2001 disciplinary action prior to the hearing before the ALJ in July 2007. Moreover, the record reveals that plaintiff obtained Dr. Aldridge's complete disciplinary record on December 20, 2010, approximately five months before this court issued its decision, and yet plaintiff made no efforts to file a supplemental letter to bring the issue to the

3

court's attention. (D.I. 18, Ex. A)

6. Even if the court were to conclude that Dr. Aldridge's disciplinary record constitutes new evidence, it would not warrant altering the court's prior conclusion that the ALJ's decision is supported by substantial evidence. *See Somerville v. Snyder*, Civ. No. 98-219-GMS, 2002 WL 202104 (D. Del. Feb. 4, 2002) ("A motion for reconsideration is not appropriate where the matter to be reconsidered would not reasonably have altered the result previously reached by the court"); *Brambles USA*, 735 F. Supp. at 1240. Specifically, the court concluded that the opinions of both Dr. Aldridge and Dr. Nisha Singh were consistent with the medical evidence of record, whereas plaintiff's treating physicians' opinions were unsupported by medical tests or other objective evidence. (D.I. 14 at 20) The court concludes that, even without Dr. Aldridge's opinion, the ALJ's decision is supported by substantial evidence based on the objective medical evidence and Dr. Singh's opinion.

7. The court further concludes that the ALJ did not err in rejecting the opinion of the consultative examiner, Dr. DeCarli, because Dr. DeCarli's RFC assessment was inconsistent with the results of his physical examination of plaintiff. Specifically, the ALJ observed that Dr. DeCarli's examination of plaintiff revealed that her symptoms were "unremarkable," she had a full range of motion in her upper extremities, and she did not have a back impairment, despite his conclusion that her RFC was less than sedentary. (D.I. 6 at 20, 203-05)

4

8. **Conclusion.** Plaintiff has not alleged a change in controlling law, offered new evidence which was not available when the court made its decision, or shown the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677. Therefore, the court shall deny the motion for reconsideration.

_____
United States District Court